## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ALEXGARDO ORRIOLA-CONCEPCION, | * | |
| BELEN DAGMAR SERRANO-COLON, | * | |
| and minors JNO and VAO-S | * | CIVIL NO. 24-1356 |
| Plaintiffs | * | |
| | * | ABOUT: |
| v. | * | 28 U.S.C. § 1331 and 1367 |
| | * | Title VII, Civil Rights Act 1964, |
| UNITED STATES OF AMERICA, | * | Malicious Prosecution 42 USC § 1983 |
| U.S. GOVERNMENT, | * | Retaliation & Reprisal (EEOC) |
| FEDERAL BUREAU OF PRISONS, | * | *Whistlerblower Protection Act* |
| U.S. DEPARTMENT OF JUSTICE, | * | *USERRA* 38 U. S. C. §§ 4301, et seq. |
| HON. MERRICK B. GARLAND, | * | Freedom of Speech & Due Process |
| USA W. STEPHEN MULDROW, | * | Defamation (Libel & Slander) |
| Warden ANGEL K. ADAN, | * | Torts under *Puerto Rico Civil Code*[1] |
| Captain DAVID RAMOS, | * | |
| Captain VICTOR MORENO, | * | |
| Lieutenant ROBERTO GUZMAN, | * | |
| Lieutenant RAMON TARAFA, | * | |
| JOHN DOE, RICHARD ROE and their | * | |
| respective insurance companies | * | |
| Defendants | * | JURY TRIAL |

************************************

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes plaintiffs, through the undersigned attorney, and very respectfully state, allege and

pray:

## I.    JURISDICTION:

1.    This Honorable Court has jurisdiction pursuant to *28 United States Code §§ 1331 et*

*seq.*; *42 of the U. S. C.  §§ 1983, et seq. (Malicious Prosecution*) under *Bivens v. Six Unknown*

---

[1]Commonwealth of Puerto Rico's *Civil Code of 2020,* as amended effective date November 28, 2020.
c:\claims\arriola.001

**COMPLAINT**
**CIVIL NO. 24-1356**
**Page 2**

*Named Agents, 403 U.S. 388 (1971)*, Title VII of the *Civil Rights Act of 1964* (Discrimination),

Retaliation & Reprisal after filing an EEO complaint under the U. S. Equal Employment Opportunity

Commission (EEOC), the *Whistlerblower Protection Act of 1989* (WAA) and the *Employment*

*Rights Act 1996* (as amended by the *Public Interest Disclosure Act 1998*). The claims for *Malicious*

*Prosecution (Bivens)* are against the individuals (officers) in their personal capacity.

2.      The jurisdiction of this Court is also invoked under the provisions of the *Uniform*

*Services Employment and Re-employment Rights Act of October 1994*, *38 U.S.C. §§ 4301, et seq.*,

(*USERRA Pub. Law 103-353*, October 13, 1994). Plaintiff was deprived of his civil liberties

guaranteed by the U. S. Constitution under the *Freedom of speech* (First Amendment) and the *Due*

*Process Clause* (First & Fourteen Amendments).

3.      Plaintiff also invoke the articles 1802 & 1803 of *Puerto Rico Civil Code, 31 L.P.R.A.*

*Sec. 5141*[2] under the supplemental jurisdiction principles in the interest of judicial efficiency and

economy, *28 United States Code §§ 1367, et seq*. The Torts claims of *Defamation (Libel & Slander)*

under the *Puerto Rico Civil Code* are against the individuals (officers) in their personal capacity.

4.      This Honorable Court also has venue pursuant to *28 United States Code § 1391* since

the claims asserted in this action arose in this judicial district.

5.      Trial by jury is hereby requested.

**II.    PARTIES:**

6.      Plaintiffs Alexgardo Orriola-Concepcion and Belen Dagmar Serrano-Colon are of

---

[2]Commonwealth of Puerto Rico's *Civil Code of 2020,* as amended effective date November 28, 2020.
c:\claims\arriola.001

COMPLAINT
CIVIL NO.  24-1356
Page 3

legal age, married, are American citizens, and live in Ponce, Puerto Rico. The minor children JNO

and VAOS are included as co-plaintiffs.

7.      Plaintiffs physical and postal address is Urb. Estancias del Carmen, 306 Paseo del

Sur Street, Ponce, PR 00716.

8.      Co-defendant United States Government has jurisdiction in the Commonwealth of

Puerto Rico and over the co-defendant Federal Bureau of Prisons, it is represented by the Attorney

General Merrick B. Garland and co-defendant W Stephen Muldrow, the US Attorney, Puerto Rico.

9.      Defendant Federal Bureau of Prisons (BoP) is an agency under the US Department

of Justice (DoJ). The Metropolitan Detention Center (MDC) located in Guaynabo, PR is one of it's

facilities. The Federal Bureau of Prisons's senior officer is the Director, Colette S. Peters.

10.      Co-defendant US Department of Justice (DoJ) is a Department of the United States

Government. It's senior officer is the Attorney General Merrick B. Garland.

11.      Co-defendant Warden K. Angel K. Adan was the Warden at Metropolitan Detention

Center (MDC), Guaynabo, PR at the time of the facts alleged is the complaint.

12.      Co-defendant David Ramos was a Captain (CAPT) at MDC Guaynabo at the time

of the facts alleged is the complaint. He is a law enforcement officer.

13.      Co-defendant Victor Moreno was a Captain (CAPT) at MDC Guaynabo at the time

of the facts alleged is the complaint. He is a law enforcement officer.

14.      Co-defendant Roberto Guzman was a Lieutenant (LT) at MDC Guaynabo at the time

of the facts alleged is the complaint. He is a law enforcement officer.

15.      Co-defendant Ramon Tarafa was a Lieutenant (LT) at MDC Guaynabo at the time

c:\claims\arriola.001

COMPLAINT
CIVIL NO.  24-1356
Page 4

of the facts alleged is the complaint. He is a law enforcement officer.

16.     John Doe and Richard Roe are those persons who are in any way responsible for the facts and the damages alleged in this complaint. Included are the insurance companies of all the defendants.

## III.     FACTS:

**Related to all claims against defendants.**

17.     Plaintiff Alexgardo Orriola-Concepcion was a member of the Armed Forces. He served on active duty in the U.S. Navy since April 13, 1996 until October 3, 2011, continuing in the U. S. Navy Reserve until September 16, 2017 when he retired with an Honorable Discharge.

18.     Alexgardo Orriola-Concepcion is Latin/Hispanic born in Puerto Rico but raised in Bridgeport, CT (CONUS) and he his first/primary language is English. He is a veteran and former service member of the (US Navy) with rank of Petty Officer First Class {AO-1 (AW)} on active duty. He later joint the US Navy Reserve (USNR).  Mr. Orriola joint the BoP on June 4, 2012 as correctional officer, while serving simultaneously in the USNR. He is well educated, went to college and completed two (2) bachelor's degrees (BS) in BS - Computer Information Systems, BA - Criminal Justice and a master's degree (MA) in MA - Intelligence Studies. Mr. Orriola also attended and completed several military schools and trainings and holds a Secret Security Clearance. Later the BoP reviewed, investigated and re-validated Mr. Orriola's Secret Security Clearance on 2019.

19.     Plaintiff Alexgardo Orriola-Concepcion was hired by Bureau of Prisons on 2012 in the position of correctional officer.

20.     Plaintiff Alexgardo Orriola-Concepcion informed at the time of his application that

c:\claims\arriola.001

COMPLAINT
CIVIL NO.  24-1356
Page 5

he was a member of the US Navy Reserve. He also was asked at her recruiting interview and he provided the information at the human resources manager when completing his initial appointment.

21.    Plaintiff Alexgardo Orriola-Concepcion complied in an outstanding manner with all his professional duties in both his jobs; while serving in the US Navy Reserve since 2011 and the Bureau of Prisons since 2012.

22.    As part of his military duties with the USNR, Plaintiff Orriola had to work in the Veterans Administration (VA) Hospital, San Juan., PR. At the hospital the point of contact to schedule/coordinate was a VA employee (Federal Employee) named Julio Vazquez. Mr. Orriola regularly contacted Mr. Vazquez in order to perform his military duties at the VA.

23.    On March 16, 2016 Alexgardo Orriola-Concepcion was working at the Metropolitan Detention Center (MDC-Guaynabo) at the visit processing post. Mr. Julio Vazquez entered the visit processing area in order to enter the facility visit an inmate.  Mr. Orriola processed Mr. Vazquez. Immediately after the interaction, Mr. Orriola called the supervisor (LT Ferguson, Operations Lieutenant) and informed him that a person know by him (Mr. Vazquez) entered the facility and was checked by him at th visit processing post. LT Ferguson took note of the reported information and ordered him to write a memorandum reporting the incident. LT Ferguson informed that upon receiving the memo, he will pass it to the Captain Ramos, Special Investion Agent (SIA). Mr. Orriola complied with the order immediately, wrote the memo and gave it to  LT Ferguson.

24.    On July 21, 2016, Mr. Orriola was informed about a gossip publish on Exposed News a questionable, unregistered and anonymous website. The gossip implied a personal relation between Mr. Orriola and international high profile female inmate.  Immediately Mr. Orriola reported

c:\claims\arriola.001

COMPLAINT
CIVIL NO.  24-1356
Page 6

the situation to Captain Ramos, Special Investion Agent (SIA) and requested an investigation.

25.    On August 24, 2017 Mr. Orriola applied to the US Marshal Services.

26.    On 2018 Mr. Orriola filed an EEO complaint against Captain Victor Moreno for dereliction of duty; Case No. 2018-0631, EEOC 570-2019- 0078x.

27.    On Mach 9, 2018, Mr. Orriola received a notification from the Office of the Inspector General (OIG) that he was under investigation. The investigation was closed on August 28, 2018 clearing Mr. Orriola of any misconduct or violation of law or regulation. Two other BoP employees (MDC-Guaynabo) were under the same referral; Miguel Rodriguez and Karl Nichols (GS-14) but were never investigated.

28.    On 2018, Mr. Orriola applied to the US Drug Enforcement Administration (DEA).

29.    On September 4, 2019, Mr. Orriola requested a FOIA to the US Marshal Services in reference to his application to the service. False statements and false information was illegally submitted by several Bop's employees to the investigating agents. The documents reflects that Captain Victor Moreno and LT Roberto Guzman informed the agency recruiting agents that Mr. Orriola was not fit for duty due to medicals issues and the heavy medications/treatments.  Captain Ramos informed the agency recruiting agents that Mr. Orriola was trafficking with drugs in the BoP facility and was under other criminal investigation.

30.    On September 16, 2019, Associate Warden Medina summoned Mr. Orriola in relation to his leave request to travel to Washington, DC to talk/meet with the BoP Director. He asked what was necessary to stop him (Mr. Orriola) from doing it. Mr. Orriola did not replied. Later Warden Adan did the same, he summoned Mr. Orriola in relation to his leave request to travel to

c:\claims\arriola.001

COMPLAINT
CIVIL NO.  24-1356
Page 7

Washington, DC to talk/meet with the BoP Director. He asked what was necessary to stop him (Mr. Orriola) from doing it.  Again, Mr. Orriola did not replied.

31.    On September 21, 2019, Mr. Orriola traveled to Washington, DC to attend an interview as part of his  application to the US Drug Enforcement Administration (DEA).

32.    On December 15, 2019, Mr. Orriola was informed about a Chat in *Whattsapp* created by the managers and senior officers of MDC-Guaynabo. In the Chat, Warden Adam discussed adverse personnel actions against several BoP employees and the the dismissal of around five (5) correctional officers including Mr. Orriola. In the chat the individuals discussed and published gossip and false information about their co-workers and subordinates at BoP/MDC.

33.    On February 5, 2020, Warden Adan went to the visit room at MDC and loud said *"I am going to seek and destroy"*. In clear reference to Mr. Orriola because he was present and was already identified as a plaintiff witness in a case filed against Adan.

34.    On February 5, 2020, Mr. Orriola receives a proposed letter to dismiss, due to the investigation conducted by the OIG on 2018.  Mr. Orriola timely rebutted and responded to it on March 22, 2020. On April 20, 2020, he was illegally terminated.

35.    On April 21, 2020 another BoP employee, Lisa Medina (Food Service Supervisor), was detained while smuggling drugs (in possession of heroin; also cocaine in body) while entering MDC-Guaynabo. She was never reported to the FBI. She was released of custody and resigned later on the same day.  Her conduct was never investigated; she was a member of the inner circle and a protégée of Warden Adan.

36.    Timely on May 2020, Mr. Orriola appealed to the Merit System Protection Board

c:\claims\arriola.001

COMPLAINT
CIVIL NO.  24-1356
Page 8

(MSPB). He also claimed discrimination, reprisal/retaliation, whistleblower protection act, USERRA

(mixed claims case).

37.     The MSPB Trial was conducted on December 7, 2020. Immediately after closing and

the witnesses' testimony and after reviewing the evidence, the Administrative Judge understood that

the Government should engaged in settlement negotiations and in order to facilitate them, Mr.

Orriola should be legally represented.  The MSPB dismissed the claims of discrimination without

prejudice to be filed before the EEOC and the other claims without prejudice to be re-file before the

MSPB. The MSPB's Decision and Order was issued on January 14, 2021.

38.     The MSPB case was refiled several times *motu propio* by the MSPB.

39.     Mr. Orriola also filed a EEO Complaint for discrimination (national origin, race),

reprisal/retaliation (prior EEO complaint/activity), whistleblower protection act (witness in another

case against).

40.     The MSPB Initial Decision of Dismissal Without Prejudice was issued on January

14, 2021, Case No. NY-0752-20-0162-I-I. The MSPB Initial Decision was finally issued on

September 7, 2023. The agency removal action was change to a thirty (30) days suspension, back

pay, etc.

41.     The agency failed to comply with the MSPB's Orders and Plaintiff Orriola moved

several times requesting compliance, orders, Enforcement Orders, etc. The last Initial Decision was

issued on May 20, 2024. The Agency complied with the last order on June 18, 2024.

42.     Plaintiff Alexgardo Orriola-Concepcion suffered unlawful discrimination due to his

race (Hispanic) and to his national origin (Hispanic raise in the continental United States),

c:\claims\arriola.001

COMPLAINT
CIVIL NO.  24-1356
Page 9

reprisal/retaliation (due to prior EEO complaint/activity), violation to the constitutional due process, discrimination due to his military service in violation of USERRA, he suffered malicious prosecution, defendants made false and defamatory statement concerning the plaintiff (he suffered defamation; libel and slander).

**Discrimination due to race and national origin. Retaliation/Reprisal after EEO Complaint / Activity.**

43.     The agency's final decision (dismissal) was released after an EEO Complaint, it was an adverse personnel action, it can be construed as a retaliation/reprisal. It was a discrimination against Mr. Orriola due to his race and national origins or as it is perceived, he is a *Gringo* not a local *Puertorican*.

***Uniform Services Employment and Re-employment Rights Act* (USERRA).**

44.     Under the provisions of the *Uniform Services Employment and Re-employment Rights Act of October 1994*, *38 U.S.C. § 4301 et. seq.*, (*USERRA Pub. Law 103-353*, October 13, 1994). Co-defendants discriminated against Plaintiff Alexgardo Orriola-Concepcion due to his military status in violation of *USERRA*.

45.     The USERRA Law establishes the right of an employee to leave from work when he/she is attending military service.  It grants the service member with rights against any adverse personnel action from the employer for violating this rights.

46.     USERRA does not requires a service member to provide a written order nor establishes a specific time frame to notify military service to the employer before the military service.

c:\claims\arriola.001

COMPLAINT
CIVIL NO.  24-1356
Page 10

47.    Under USERRA, the employer is mandate to comply, it is not discretional the employee authorization or leave from work to attend military service.  When the employer is paying any military leave, the employee will follow the employer regulations in order to receive the benefits not covered in USERRA.  Neither the DoJ nor the BOP are exempted from USERRA.

**Defamation; libel and slander.**

48.    Plaintiff  Alexgardo Orriola-Concepcion did not commit a crime or violation of law but co-defendants illegally divulged and told to other employees (included employees of lesser rank and subordinates of the plaintiff) in the institution, others in other agencies and others unknown at the present, that plaintiff Alexgardo Orriola-Concepcion was under criminal investigation. They lied about plaintiff Alexgardo Orriola-Concepcion having sexual interactions with inmates, that he was introducing / smuggling illegal drugs in MDC, etc. Defendants made false and defamatory statement concerning the plaintiff plaintiff Alexgardo Orriola-Concepcion (he suffered defamation; libel and slander).

**Malicious Prosecution**

49.    Plaintiff Alexgardo Orriola-Concepcion did not commit a crime or violation of law, but co-defendants illegally and intentionally lied about plaintiff Alexgardo Orriola-Concepcion having sexual interactions with inmates, that he was introducing / smuggling  illegal drugs in MDC, that he was illegally consuming illegal drugs, etc. Defendants made false and defamatory statement concerning the plaintiff plaintiff Alexgardo Orriola-Concepcion divulged and told to other employees (included employees of lesser rank and subordinates of the plaintiff ) in the institution, other law enforcement agencies and other unknown at the present, that plaintiff Alexgardo Orriola-

c:\claims\arriola.001

COMPLAINT
CIVIL NO.  24-1356
Page 11

Concepcion was under criminal investigation. He suffered malicious prosecution, some criminal investigations initiated and charges were illegally pressed and/or instigated against him by the individuals co-defendants.

50.    Under 42 U.S.C. §1983. Section 1983 provides liability for damages against any person who, while acting under color of state law, deprives another of any right, privilege, or immunity secured by the Constitution and laws of the United States.

51.    The law allows actions for claims of malicious prosecution, or abuse of process arising out of acts or omissions of investigative or law enforcement officers of the United States. Because the facts of this case arose in Puerto Rico, the law of Puerto Rico must be applied to determine whether plaintiff adequately has alleged a cause of action for malicious prosecution. *Rodríguez v. United States, 54 F.3d 41, 44 (1st Cir. 1995)*. Co-defendant Adan and other co-defendants acts constituted malicious procecution.

56.    Plaintiff Alexgardo Orriola-Concepcion performance while working was excellent and was always reflected in his evaluations. His dedication and duty performance was praised by his supervisors and his chain of command.

**Whistlerblower Protection Act of 1989 (WAA) and the Employment Rights Act 1996 (as amended by the Public Interest Disclosure Act 1998)**

57.    After the first incident that Plaintiff Alexgardo Orriola-Concepcion was identified and mentioned as a potential witness in a case against Warden Adan and other co-defendants, he suffered a series of discriminating acts, adverse personnel actions, reprisals/retaliation, and other acts against her initiated by co-defendant Warden Angel Adam and others.

c:\claims\arriola.001

58.    The wrongful and negligent acts of all co-defendants, their managers, officials, employees, and representatives, were the direct cause or contributed to the facts alleged in the complaint and all the damages suffers by the plaintiffs.

## IV.    DAMAGES:

All the paragraphs stated herein in the Jurisdiction, Facts and Causes of Action are literary incorporated herein and are made part of the following paragraphs and causes of action. All defendants are jointly responsible for all damages caused and suffered by all plaintiffs.

61.    Plaintiff Alexgardo Orriola-Concepcion civil rights were violated; he was discriminated his race and national origins; his constitutional right to due process was violated; he suffered moral damages and mental anguish; monetary loss; lost of income; he suffered retaliation/reprisal after filing complaints (whistleblower); damages estimated on $1,000,000.00.

62.    Plaintiff Alexgardo Orriola-Concepcion civil rights were violated; he suffered discrimination for being a veteran and member of the US Navy Reserve, rights under the provisions of the *Uniform Services Employment and Re-employment Rights Act of October 1994*); damages estimated on $1,000,000.00.

63.    Plaintiff Alexgardo Orriola-Concepcion civil rights were violated; he suffered malicious prosecution, criminal charges were illegally pressed and/or instigated against him by the individuals co-defendants mentioned in the previous paragraphs (facts); damages estimated on $1,000,000.00.

64.    Plaintiff Alexgardo Orriola-Concepcion suffered Defamation (Libel & Slander) by the individuals co-defendants mentioned in the previous paragraphs (facts); damages estimated on

c:\claims\arriola.001

**COMPLAINT**
**CIVIL NO. 24-1356**
**Page 13**
$1,000,000.00.

64.    Co-plaintiffs Belen Dagmar Serrano-Colon (wife of Alexgardo Orriola-Concepcion) and co-plaintiffs JNO and VAOS (daughters of Alexgardo Orriola-Concepcion) had suffered and continue to suffer, severe emotional distress, affliction, anguish, economical damages, deprivation because of Plaintiff Alexgardo Orriola-Concepcion's damages and suffering due to violation of civil rights, Defamation (Libel & Slander), constitutional right do to due process, violations and the discrimination, retaliation/reprisal after filing complaints (whistleblower), malicious prosecution and USERRA violations; damages estimated on $2,000,000.00.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiffs and to award them a sum no less than six million dollars ($6,000,000.00) suffered by plaintiffs because of defendants wrongful acts and combined negligence, plus an additional amount for attorney fees and court costs, all to be paid severally by defendants.

**JURY TRIAL DEMANDED.**

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico, on this 9th day of August of 2024.

**RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
Juan R. Rodríguez
PO Box 7693
Ponce, Puerto Rico 00732-7693
Tel. (787) 843-2828 \ 843-2900 Fax (787)284-1267
Email: **juan_r_rodriguez00732@hotmail.com**
        **juan.r.rodriguez00732@gmail.com**

By:____*S\Juan R. Rodriguez*_____
        **JUAN R. RODRIGUEZ**
        **USDC-PR 214410**

c:\claims\arriola.001